**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HERMAN QUINTANA,<br><br>Plaintiff,<br><br>v.<br><br>SMYRNA READY MIX CONCRETE, LLC,<br><br>Defendant. | Civil Action No.:<br><br>2:19-cv-00224-RWS-JCF<br><br>JURY TRIAL DEMANDED |

**<u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>**

COMES NOW Herman Quintana ("Plaintiff" or "Mr. Quintana"), by and through his undersigned counsel, and files his First Amended Complaint for Damages, showing the Court as follows:

**<u>JURISDICTION AND VENUE</u>**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343.

2.

Defendant Smyrna Ready Mix Concrete, LLC ("Defendant") does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a legal resident of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is a foreign limited liability company organized under the laws of the State of Tennessee and authorized to do business in Georgia, and at all times material hereto has conducted business within this district.

5.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant.

**ADMINISTRATIVE PROCEDURES**

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about March 28, 2019.

7.

The EEOC issued a "Notice of Right to Sue" on September 3, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice. Plaintiff received the notice on September 16, 2020.

8.

This amended complaint has been filed within ninety (90) days of receipt of the "Notice of Right to Sue."

**FACTUAL ALLEGATIONS**

9.

Plaintiff Herman Quintana began working for the employer on or about June 26, 2018 as a driver.

10.

Over the course of his employment, Plaintiff was never subject to any disciplinary action for his performance.

11.

Plaintiff was assigned to drive a truck that was not safe, while Caucasian or American employees were assigned better trucks.

12.

Plaintiff is Hispanic and a legal resident from Chile.

13.

Because of his ethnicity (Hispanic/Chilean), Plaintiff was treated less favorably than his Caucasian coworkers.

14.

Plaintiff was taunted at work and even called cross-eyed.

15.

Plaintiff's coworkers also made disparaging comments about Plaintiff's ethnicity, including falsely claiming he was of Mexican heritage. For example, his coworker and dispatcher, Chuck Davis, asked Plaintiff when his Mexican cousin would be cutting his grass. Plaintiff's supervisor, Willie Frazier, took no steps to prevent the continued disparaging and harassing conduct to which Plaintiff was subjected.

16.

On or about December 13, 2018, Plaintiff complained to Defendant about the disparate treatment and was told to "toughen up."

17.

On December 19, 2018, Plaintiff asked the plant manager, Willie Frazier, if he could leave early. Frazier granted Plaintiff's request to leave early.

18.

When Plaintiff began leaving at 11:00 a.m., Frazier inquired where Plaintiff was going. Plaintiff advised that he was going to the EEOC to file a complaint.

19.

Upon information and belief, Frazier then called Mike Zagula, Defendant's Chief Operational Officer, to tell him that Plaintiff was going to file a complaint with the EEOC.

20.

The same day, Plaintiff reported to the EEOC to file a charge of discrimination.

21.

At the EEOC, Plaintiff met with and discussed the facts of his potential charge of discrimination with EEOC Investigator Sandra Pope, but was unable to file a charge of discrimination at that time.

22.

The following day, December 20, 2018, Plaintiff was excused from work because of light rain and rain that began at 4:53am EST and continued until 4:17pm EST in the metropolitan and surrounding Atlanta area. *See* https://www.timeanddate.com/weather/usa/atlanta/historic?month=12&year=2018 (last accessed Sept. 16, 2018).

23.

On or about December 21, 2018, Plaintiff called Defendant before he was due to report to work and was told that he had been terminated due to job abandonment.

24.

On March 28, 2019, Plaintiff filed a charge of discrimination with the EEOC alleging race and national origin discrimination and retaliation against Defendant.

**COUNT I: RACE AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

25.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race and national origin in violation of 42 U.S.C. section 1981.

27.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effected Plaintiff's status as an employee, because of his race and national origin.

28.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

29.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated, and has suffered damage to his emotional health, and has lost back pay and front pay.

30.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

31.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

32.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

33.

Plaintiff engaged in protected conduct when he complained about unlawful race and national origin discrimination.

34.

Plaintiff, moreover, engaged protected conduct when he attempted to file a Charge of Discrimination with the EEOC.

35.

Defendant was on notice of Plaintiff's protected conduct.

36.

Defendant terminated Plaintiff's employment or took other adverse actions against Plaintiff because he engaged in protected conduct.

37.

The adverse employment actions constitute unlawful retaliation against Plaintiff for his attempt to exercise his rights.

38.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**COUNT III: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

39.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

40.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of his race and national origin.

41.

Defendant violated Plaintiff's rights under Title VII by terminating his employment because of his race or national origin, or both.

42.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's race or national origin, or both, in violation of Title VII.

43.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race and national origin class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

44.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff suffered damages, including lost wages, emotional distress, humiliation, and other indignities.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's actions toward Plaintiff were undertaken in bad faith.

46.

The acts and omissions of Defendant were willful, malicious, and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

47.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

48.

Defendant terminated Plaintiff's employment denying him of significant benefits and in contrast to Defendant's treatment of Plaintiff's non-Hispanic, workers, because of Plaintiff's race, national origin, or both.

**COUNT IV: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

49.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

50.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitute unlawful discrimination on the basis of race, national origin, or both, in violation of Title VII.

51.

Plaintiff had an employment agreement with Defendant within the meaning of Title VII, under which, *inter alia,* Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

52.

Plaintiff performed his contractual obligations.

53.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race and national origin with regard to the making and enforcing of his employment with Defendant.

54.

Defendant violated Plaintiff's rights under Title VII by terminating his employment because of his race, national origin, or both.

55.

Defendant is liable for the discrimination against Plaintiff under a theory of vicarious or direct liability.

56.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affected Plaintiff's status as an employee, because of his race, national origin, or both.

57.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being.

58.

As a direct and proximate result of Defendant's unlawful employment

practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay, front pay, and compensatory damages.

59.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

60.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

61.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race, national origin, or both, in violation of Title VII.

**COUNT V - HOSTILE WORK ENVIRONMENT**
**UNDER TITLE VII OF THE CIVIL RIGHTS OF 1964**

62.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

63.

On a consistent basis during Plaintiff's employment, Defendant subjected him to a hostile work environment. Plaintiff was obligated to work in an atmosphere that was hostile by virtue of unsolicited and unwelcome comments about his physical appearance, his nationality, and comments based on racial and

ethnic stereotypes. This harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting, and abusive to employees.

64.

Because of its failure to take prompt and remedial action, and its deliberate indifference to racially hostile conduct, Defendant has intentionally engaged in unlawful employment practices in violation of Title VII.

65.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his race or nationality.

66.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

67.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 16th day of September 2020.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Plaintiff Herman Quintana*

1100 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
iesmith@justiceatwork.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HERMAN QUINTANA,<br><br>Plaintiff,<br><br>v.<br><br>SMYRNA READY MIX CONCRETE, LLC,<br><br>Defendant. | Civil Action No.:<br><br>2:19-cv-00224-RWS-JCF<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing ***First Amended Complaint for Damages*** with the Clerk of the Court using the Court's electronic filing system, which will automatically send e-mail notification of such filing to all counsel of record.

Respectfully submitted this 16th day of September 2020.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492